**SO ORDERED.**

**SIGNED this 05 day of August, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

THE UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

STANLEY E. NICHOLS           CASE NUMBER 08-07765-8-JRL
SARAH E. NICHOLS             CHAPTER 13

    DEBTORS.
_____

ORDER

This matter came before the court on the Bankruptcy Administrator's motion for conversion of the debtor's case to Chapter 7. A hearing on this matter was held on August 4, 2009 in Greenville, North Carolina.

The debtors filed their original bankruptcy petition for relief under Chapter 13 of the Bankruptcy Code on November 4, 2008. On November 24, 2008, the debtor's case was randomly selected for audit. Such audits are authorized pursuant to 28 U.S.C. § 586(f)(1). After failing to respond to the auditor, the debtors voluntarily dismissed their case on January 20, 2009. Six days later, the debtors moved to reinstate their Chapter 13 proceedings. Reinstatement was granted on February 23, 2009. The debtors were notified on April 1, 2009 that their reinstated case was again chosen for audit. As before, the debtors failed to respond to any requests made by the auditor. On June 3, 2009, the auditor filed a report which stated that

the audit could not be completed due to the debtors' uncooperativeness.  The Bankruptcy Administrator asserts that the debtors' repeated failure to comply with audit procedures is grounds for conversion.

The court may dismiss or convert an individual debtor's case when abuse is found.  11 U.S.C. § 707.  In determining what constitutes abuse, the court may consider the totality of the circumstances.  11 U.S.C. § 707(b)(3)(A)(i)(B).  When bankruptcy petitions are filed, the debtor is charged with affirmative duties.  One such duty is that the debtor will cooperate with auditors and provide any necessary or requested documentation.  11 U.S.C. § 521(a)(3)-(4).  At hearing, the male debtor asserted that he and his wife were aware of both audits, and acknowledged that they made no response to the auditor on either occasion.  The male debtor stated that at the time notification of the audit was received, he was working closely with the IRS on resolving a contemporaneous tax claim. He asserted that the failure to respond to the auditor's requests was not purposeful, but rather from a sense of being completely overcome by other obligations..

. To ensure the effective functioning of the bankruptcy system, debtors must fulfill their obligations under the Bankruptcy Code.  While there is nothing to suggest that the debtors were ignoring the audit for any improper purpose, twice neglecting to perform required duties under 11 U.S.C. § 521(a)(3)-(4) is inexcusable.

Based on the foregoing, the motion to covert the debtor's Chapter 13 case to a Chapter 7 case is ALLOWED.

END OF DOCUMENT